UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY MATTHEWS,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF RIVERSIDE, et al.,<br><br>    Defendants. | Case No. 5:21-CV-00170-VBF-KES<br><br>ORDER DISMISSING ACTION FOR WANT OF PROSECUTION |

    On January 25, 2021, Randy Matthews ("Plaintiff"), filed a *pro se* civil rights lawsuit under 42 U.S.C. § 1983, alleging that the County of Riverside, Sheriff Chad Bianco, and Does 1–10 (collectively, "Defendants") violated his rights under the Fourth and Fifth Amendments, the Due Process Clause, and the Equal Protection Clause by depriving him of his "liberty and his freedom" as well as his personal property. (Dkt. 1 ["Complaint"].) Plaintiff also filed a request to proceed *in forma pauperis*. (Dkt. 3 ["IFP Request"].) On February 1, 2021, the Court notified Plaintiff that his case had been assigned to the undersigned District Judge and referred to Magistrate Judge Karen E. Scott. (Dkt. 4 ["Notice of Assignment"].) On March 3, 2021, the Court denied Plaintiff's IFP Request, finding that he made an inadequate showing of indigency, and gave him until April 2, 2021, either to pay

the filing fee or submit an amended IFP Request. (Dkt. 5, 6.) On March 15, 2021, the Court issued a Case Management Order, which among other issues, admonished Plaintiff that he "must comply with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court" and that any request for extension of time "should be filed *before* the deadline has expired." (Dkt. 7 at ¶¶ 1, 3.) On April 19, 2021, the Court granted Plaintiff's amended IFP Request. (Dkt. 8, 9.)

On April 19, 2021, the Court issued an order dismissing the Complaint with leave to amend. (Dkt. 10 ["ODLA"].) The ODLA dismissed the Complaint without prejudice due to multiple pleading defects, including (1) failure to satisfy the pleading burden for making Monell claims; (2) failure to plead any facts demonstrating Sheriff Bianco's direct involvement in his deputies' actions; (3) uncertain Doe allegations; and (4) failure to allege sufficient facts to support his constitutional claims.. (Id. at 2–5.) The Court provided Plaintiff with options as to how to proceed with his action and gave him until May 19, 2021 to respond. (Id. at 6.) Finally, the Court admonished Plaintiff that if he "**fails to timely respond to this order by exercising one of these two options, this action may be dismissed for lack of diligent prosecution.**" (Id.) (emphasis in original). Plaintiff has neither responded to the ODLA nor requested an extension of time in which to do so. Because Plaintiff has not responded to the ODLA, which provided him with options on how to proceed, Plaintiff has left this action in limbo.

District courts may dismiss cases sua sponte for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005); see also Link v. Wabash R.R., 370 U.S. 626, 629–30 (1962) (holding that the court has "inherent power" to dismiss cases sua sponte for lack of prosecution). In Carey v. King, 856 F.2d 1439 (9th Cir. 1988) (per curiam), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440; accord Sokolsky v. Meeks, 789 F. App'x 63, 64 (9th Cir. 2019).

Here, factors one and two, the public's interest in expeditious resolution of litigation and the court's interest in managing its docket, militate in favor of dismissal for Plaintiff's failure to prosecute. Factor four, the public policy favoring disposition of cases on the merits, counsels against dismissal, but a dismissal without prejudice would not, in and of itself, preclude consideration of the case on the merits at some later date. Lastly, the fifth factor, the availability of less drastic sanctions, also counsels in favor of dismissal where, as here, Plaintiff has made no effort to comply with the Court's deadline. Thus, three of the five factors set forth in Carey strongly favor dismissal, and dismissal of the action is warranted.

IT THEREFORE IS ORDERED that Judgment be entered dismissing this action without prejudice for failure to prosecute.

DATED: July 18, 2021            /s/ Valerie Baker Fairbank           .
                                Hon. VALERIE BAKER FAIRBANK
                                UNITED STATES DISTRICT JUDGE

Presented by:

_Karen E. Scott_
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE